■ In the Matter of the Claim of WILLIE U. LARKIN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 1976, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective April 2, 1976 because he voluntarily left his employment without good cause. On April 1, 1976 the claimant, allegedly not having sufficient funds to provide for his family until payday, which was to be the next day, asked for a salary advance, which was denied. He then notified his supervisor that he was leaving the premises to try to borrow money from a friend. Although claimant's supervisor's comments at the time indicated disapproval, he did not specifically order claimant to remain or warn him that he would be discharged for leaving. Claimant returned to work the next day, at which time he was fired for having walked off the job. The Industrial Commissioner disqualified claimant for voluntarily leaving his employment without good cause, and, in the alternative, for misconduct in connection with his employment. On appeal to the referee the initial determination of voluntary leaving of employment without good cause was sustained and the alternate determination of misconduct was not ruled upon. The board adopted the findings of fact and the opinion of the referee. The decision must be reversed and the matter remitted to the board for appropriate findings. While claimant did leave the employment premises on April 1, he did not at that time express any intent to sever his employment relationship, which is unequivocally confirmed by his return to work on April 2.

"Voluntary leaving of employment" contemplates a termination of the employment relationship. There is no question but that an impermissible departure from the employment premises may constitute misconduct depending upon the circumstances, but in the present case, neither the referee nor the board has ruled upon the issue of whether or not claimant was guilty of misconduct so as to disqualify him from eligibility for benefits. We hold that the determination disqualifying claimant for voluntary leaving of employment without good cause is not supported by substantial evidence and the matter is remitted to the board for findings on the question of misconduct under the alternate determination issued by the Industrial Commissioner. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings in accordance herewith. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.